53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rohan St. Joseph KEATING, a/k/a, Charles Joe, a/k/a Peter,
a/k/a Yellow, a/k/a Yellowman, Defendant-Appellant.
 No. 94-5496.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 7, 1995.
Decided: May 5, 1995.
 
 ARGUED: Jon Michael Babineau, Norfolk, Virginia, for Appellant. Carol M. Marx, Special Assistant United States Attorney, Norfolk, VA, for Appellee. ON BRIEF: Helen F. Fahey, United States Attorney, Norfolk, VA, for Appellee.
 Before WILKINSON and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The appellant, Rohan St. Joseph Keating, was indicted with a number of others in a 49 count indictment arising out of a large cocaine and heroin operation in the Eastern District of Virginia. Keating was charged in Count 1 with conspiracy to possess with intent to distribute cocaine, cocaine base and heroin. In addition, he was charged in two substantive counts with possession with intent to distribute cocaine base and in two additional counts of possession with intent to distribute heroin. The court granted his motion of acquittal as to one of the heroin counts, and the jury found him not guilty as to the other heroin count. He was convicted of conspiracy and of the two substantive counts of possession with intent to distribute cocaine base. On appeal, he claims error by the trial court in denying his motions for judgment of acquittal at the conclusion of the government's case and at the conclusion of the evidence on the three counts on which he stands convicted. After a careful review of the evidence and consideration of the briefs and oral arguments, we find abundant evidence to sustain his three convictions, and we affirm.
 
 
 2
 In reviewing a conviction based on a challenge to the sufficiency of the evidence, an appellate court views all of the evidence in the light most favorable to the government and determines whether, based upon such evidence, any rational trier of fact could have found the appellant guilty beyond a reasonable doubt. United States v. Mills, 995 F.2d 480, 483 (4th Cir.1993).
 
 
 3
 A number of the coconspirators testified for the government, and the evidence is sufficient to establish both that Keating became an active member of the conspiracy during the summer of 1991 and that he and various coconspirators made a number of trips between New York and the Eastern District of Virginia for the purpose of buying cocaine for distribution in Eastern Virginia. Appellant contends that he was merely present on these trips and was not actively involved in the purchase of the cocaine. However, the number of trips made by him, together with the evidence that he was often present while the cocaine was being cooked into cocaine base; that he often carried a loaded pistol; and that he was present with various members of the conspiracy when crack cocaine was being delivered, was sufficient for a rational jury to conclude beyond a reasonable doubt that he was a member of the conspiracy to possess with intent to distribute cocaine, cocaine base and heroin and that he was also guilty of the two substantive counts of possession with intent to distribute cocaine. Therefore, his convictions are affirmed.
 
 
 4
 AFFIRMED.